IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO SAUCEDO SR,

       Plaintiff,

v.                                                                              CIV 20-0050 KBM

ANDREW SAUL,
Commissioner of Social Security,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum (*Doc. 21*), filed on July 20, 2020. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4*; *12*; *17.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be granted in part.

**I.**    **Procedural History**

Mr. Antonio Saucedo, Sr. (Plaintiff) filed an application with the Social Security Administration for Disability Insurance Benefits (DIB) under Title II of the Social Security Act on April 14, 2017. Administrative Record[1] (AR) at AR 268-74. He alleged a disability onset date of March 3, 2017. *See* AR at 268.

---

[1] Documents 18-1–11 comprise the sealed Administrative Record. *See Doc. 18-1–11.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Disability Determination Services determined that Plaintiff was not disabled both initially (AR at 161-74) and on reconsideration (AR at 175-92). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of his application. AR at 207. Both Plaintiff and a vocational expert (VE) testified during the December 18, 2018 *de novo* hearing. *See* AR at 137-60. ALJ Doug Gabbard, II issued an unfavorable decision on February 1, 2019. AR at 14-36. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 264-67), which the council denied on December 13, 2019 (AR at 1-7). Consequently, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the

assessment of the claimant's residual functional capacity (RFC), he is unable to perform his past relevant work (PRW). 20 C.F.R § 404.1520(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of [his] medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" the claimant retains sufficient RFC "to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988)); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

At Step One of the process,[2] ALJ Gabbard found that Plaintiff "has not engaged in substantial gainful activity since" his alleged onset date. AR at 19 (citing 20 C.F.R. §§ 404.1571-1576). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: back degenerative disc disease/osteoarthritis, chronic kidney disease, diabetes with hyperglycemia, and obesity." AR at 19 (citing 20 C.F.R. § 404.1520(c)). ALJ Gabbard also noted that there are references in the record "to other isolated conditions" that are non-severe and "either generally resolved immediately with appropriate treatment or never lasted 12 continuous months." AR at 19-20.

---

[2] ALJ Gabbard first found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2022." AR at 19.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 20 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ determined that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except with occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; and no walking on uneven surfaces.

AR at 21. The ALJ determined that Plaintiff is incapable of performing his PRW but can perform the positions of "inspector and hand packager" and "power screwdriver operator." AR at 28-29. Ultimately, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from March 3, 2017, through the date of [the ALJ's] decision." AR at 29 (citing 20 C.F.R. § 404.1520(g)).

### III.     Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (alteration in original)). The Court will "consider whether the ALJ followed the

4

specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

## IV.   Discussion

Plaintiff contends that the following issues require reversal: (1) the Appeals Council improperly failed to consider evidence that was new, material, and chronologically pertinent; (2) the ALJ's RFC findings are not supported by substantial evidence and are contrary to law; and (3) because of the error in the RFC, the ALJ's step-five finding was erroneous. *Doc. 21* at 1-2. The Court agrees that the Appeals Council erred in declining to consider the additional evidence from September 2019, and it will remand on this basis.

### A.   The Appeals Council erred in declining to incorporate the new evidence.

After ALJ Gabbard issued his unfavorable decision in February 2019, Plaintiff submitted additional medical records to the Appeals Council to support his claim for

disability. *See Doc. 21* at 5-8; AR at 8-10, 37-136.[3] The Appeals Council discussed only one of the records: a September 16, 2019 note from nephrologist Shahid Mansoor, M.D. *See* AR at 2, 379-80. Plaintiff's attorney attached Dr. Mansoor's note to a follow-up letter he sent to inform the Appeals Council that Plaintiff's "case should be deemed critical" because Plaintiff "is currently having difficulty in purchasing his needed diabetic insulin medication." AR at 378. Dr. Mansoor stated that Plaintiff was diagnosed with End Stage Renal Disease (ESRD) and began dialysis on September 4, 2019, four days per week, for four hours each session. AR at 379.

In the Appeals Council's review of the ALJ's decision, it found that Dr. Mansoor's record "does not relate to the period at issue" and thus "does not affect the decision about whether [Plaintiff was] disabled beginning on or before February 1, 2019." AR at 2. Plaintiff argues that although Dr. Mansoor's record was dated after the ALJ's decision, it is new, material, relevant to the time period under consideration, and there is a reasonable probability that the new evidence will change the outcome of the ALJ's decision. *Doc. 21* at 5-6. The Commissioner responds that because the record "post-date[s] the ALJ's decision by more than six months[,]" it "does not relate to the period on or before the date of the ALJ's decision . . . ." *Doc. 23* at 10-11.

The Appeals Council must consider evidence that was not previously before the ALJ if it is "new, material, and relates to the period on or before the date of the hearing

---

[3] The parties disagree about whether the Appeals Council received all the records. *See Docs. 23* at 11; *24* at 4. The record is unclear regarding whether the Appeals Council saw any records dated after March 29, 2019 (the date Plaintiff filed his request for review), other than the record dated September 16, 2019 (the only record mentioned in Plaintiff's second letter to the Appeals Council). *See* AR at 2, 8-10, 265. The Court will grant Plaintiff's motion solely on the basis of the September 2019 record the Appeals Council discussed; thus, it need not determine whether the Appeals Council saw the remaining records exhibited at pages 37-136.

decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Evidence is considered new "if it is not duplicative or cumulative" of other evidence in the record. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quotation omitted). Under the old regulations, evidence was considered material "if there [was] a reasonable *possibility* that it would have changed the outcome." *Id.* (emphasis added) (brackets and quotation omitted). Now, a claimant must show that "there is a reasonable *probability* that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (emphasis added). Evidence is chronologically pertinent when it relates to the time period on or before the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

> The regulations also provide that if a claimant
>
> submit[s] additional evidence that does not relate to the period on or before the date of the [ALJ's] hearing decision . . . or the Appeals Council does not find [the claimant] had good cause[4] for missing the deadline to submit the evidence in § 404.935, the Appeals Council will send [the claimant] a notice that explains why it did not accept the additional evidence and advise[ them] of [their] right to file a new application.

20 C.F.R. § 404.970(c). "If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence." *Pruett v. Saul*, No. 19-CV-0817 SMV, 2020 WL 6196175, at *3 (D.N.M. Oct. 22, 2020) (citing *Threet*, 353 F.3d at 1191).

### 1.    The evidence is new.

Plaintiff asserts that Dr. Mansoor's letter is new "because it did not exist at the

---

[4] Neither the Appeals Council nor the Commissioner has alleged that Plaintiff lacked good cause. *See* AR 1-4; *Doc. 23*.

time the ALJ issued the decision." *Doc. 21* at 6. The Appeals Council did not comment on whether the evidence is new. *See* AR at 2. The Court finds that the record, which details Plaintiff's dialysis, is not duplicative or cumulative and is, thus, new evidence. *See* AR at 379-80.

### 2.     The evidence is material.

Plaintiff contends that Dr. Mansoor's letter is "material because it provides further elucidation of the extent of Mr. Saucedo's kidney disease." *Doc. 21* at 6. The Court agrees that this record has a reasonable probability of altering the ALJ's decision and is, therefore, material. ALJ Gabbard found that Plaintiff's chronic kidney disease was severe at Step Two and discussed it throughout the decision. *See* AR at 19-28. The ALJ found that the record does not establish that Plaintiff's illness met listing 6.05 (chronic kidney disease with impairment of kidney function). AR at 20-21. He mentioned Plaintiff's creatinine levels multiple times. *See, e.g.*, AR at 23, 725 (creatinine level 2.35), 25, 951,1356 (creatinine levels 3.05 and 4.8). The ALJ stated that Plaintiff's chronic kidney disease had progressed from a stage 3 in February 2017 (*see* AR at 23, 1363), to a stage 4 or 5 in July 2018 (AR at 25, 1357), and stage 5 in September 2018 (AR at 25, 1356).

The ALJ also twice stated that there was "no evidence [Plaintiff] has reached ESRD." AR at 26. This is a confusing statement, as it appears that stage 5 chronic kidney disease is also called ESRD. *See Chronic Kidney Disease Stage 5 – End Stage Renal Disease*, Fresenius Kidney Care, https://www.freseniuskidneycare.com/kidney-disease/stages/stage-5 (last visited Oct. 29, 2020); *see also Tate v. Colvin*, No. CIV.A. 13-6552, 2014 WL 4982662, at *13 n.7 (E.D. La. Oct. 6, 2014) (explaining that "[c]hronic

kidney disease worsens through five stages[,]" with "Stage 5 consist[ing] of very severely reduced kidney function, or end stage kidney failure, at which time the treatment is dialysis or a kidney transplant") (citing *What are the Stages of Kidney Disease?*, Temple Health, https://www.templehealth.org/services/transplant/kidney-transplant/understanding-kidney-disease/stages-of-kidney-disease); *Ahner v. Colvin*, No. 2:12-CV-2327 AC, 2013 WL 6839494, at *5 n.2 (E.D. Cal. Dec. 23, 2013) (noting that stage 5 chronic kidney disease is "considered 'End Stage,' requiring dialysis or a kidney transplant in order to maintain health") (citing *Stages of Chronic Kidney Disease*, Davita Kidney Care, https://www.davita.com/education/kidney-disease/stages). Thus, the ALJ's factual finding of stage 5 kidney disease directly contradicts his legal conclusion that there was no evidence of end stage renal failure at the time of the ALJ's decision. Given that the new evidence establishes that Plaintiff started on hemodialysis no more than seven months after the ALJ's decision, the Court finds that there is a reasonable probability that this new record will affect the decision.

### 3. The record is chronologically pertinent.

The Appeals Council rejected the newly submitted record on the basis that it "does not relate to the period at issue." AR at 2. Evidence is chronologically pertinent if it "relate[s] to the period on or before the date of the ALJ's decision." *Chambers*, 389 F.3d at 1142 (quotation and citations omitted). Evidence is also "chronologically pertinent if it corroborates a prior diagnosis or a claimant's hearing testimony, and [such] evidence need not pre-date the ALJ's decision." *Santillan v. Saul*, No. CV 19-313 CG, 2020 WL 406369, at *7 (D.N.M. Jan. 24, 2020) (citing *Padilla v. Colvin*, 525 F. App'x 710, 713 (10th Cir. 2013)).

Although Dr. Mansoor's record is dated seven months after the ALJ's decision, it corroborates information found in the record at the time of the decision—that Plaintiff's chronic kidney disease is at stage 5, also known as ESRD. Indeed, it corroborates Plaintiff's testimony that he had been told by medical providers that he would be "going to dialysis here pretty soon" and was scheduled for an appointment to get studies "to get on the kidney donor list." AR at 150, 153. Because the ALJ repeatedly stated that there was no evidence to show that Plaintiff had reached ESRD, this new record is relevant to the time period at issue.

**V.     Conclusion**

Dr. Mansoor's September 2019 letter, first submitted to the Appeals Council after the ALJ rendered his decision, is new, material, and chronologically pertinent evidence. The Court finds there is a reasonable probability that this record would change the outcome. Because the Appeals Council improperly declined to consider the record, the Court will remand this matter to allow the Appeals Council the opportunity to evaluate the ALJ's decision in light of the complete record.

Wherefore,

**IT IS ORDERED** that Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum (*Doc. 21*) is **GRANTED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent